IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LUCAS DANIEL RIVAS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:25-cv-02008-SHL-cgc |
| WARDEN C. HARRISON, | ) |
| Respondent. | ) |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS;
DISMISSING § 2241 PETITION AS MOOT;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner Lucas Daniel Rivas, a former federal prisoner.[1] (ECF No. 2.) Respondent Warden Harrison filed a Motion to Dismiss. (ECF No. 7.) Rivas did not file a response to the Motion to Dismiss and the time to respond has expired. (*See* ECF No. 4.)

For the reasons that follow, the Court **GRANTS** Harrison's Motion to Dismiss and **DISMISSES** the § 2241 Petition as moot.

---

[1] At the time Rivas filed his § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee. (ECF No. 2 at PageID 2.) He was released from custody on May 20, 2025. *See* bop.gov/inmateloc/ (click "Find By Number"; type "16514-510"; then click "Search") (last accessed Jan. 27, 2026). Rivas has not notified the Court of his new address.

## BACKGROUND

Rivas pleaded guilty in 2018 to one count of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349. (*United States v. Rivas,* No. 1:22-cr-00050-H-BU (N.D. Tex. Jan. 18, 2023), ECF Cr. No. 138.) The Northern District of Texas court sentenced Rivas to forty-one months of imprisonment, followed by a three-year term of supervised release. (*Id.*) On May 14, 2024, Rivas filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). (*Id.*, ECF No. 256.) His motion was granted and his sentence reduced to thirty-three months of imprisonment, followed by a three-year term of supervised release. (*Id.*, ECF No. 259 at PageID 978.)

Rivas filed the instant § 2241 Petition on January 6, 2025. (ECF No. 2.) He alleges that the BOP has wrongfully deprived him of First Step Act ("FSA") earned time credits that were previously applied to him. (*See id*. at PageID 2.)

The Court ordered Harrison to file a response to the § 2241 Petition. (ECF No. 4.) On April 15, 2025, Harrison filed a Motion to Dismiss the § 2241 Petition.[2] (ECF No. 7.) Harrison argues that the § 2241 Petition should be dismissed because Rivas is statutorily ineligible to earn FSA earned time credits because he is subject to a final order of removal and because the Court lacks jurisdiction over Rivas' challenge to his immigration detainer. (*Id*. at PageID 12–13.)

---

[2] Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts permit a respondent to file a pre-answer motion to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

Harrison's Motion is supported by the declaration of Robin Eads, a BOP paralegal with access to official records for BOP inmates, including Rivas' SENTRY Report and a copy of his immigration detainer, which are also attached as exhibits.[3]  (ECF Nos. 7-1, 7-2, 7-3.)

## **LEGAL STANDARD**

Under Rule 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When considering a motion to dismiss, the Court accepts all well-pleaded allegations as true and construes the record in the light most favorable to the non-moving party.  *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

"A district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss.  *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).  If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion."  *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011).  A court may, however, consider exhibits attached to the petition as well as exhibits attached to the motion to dismiss "so long as they are referred to in the [c]omplaint and are central to the claims contained therein," without converting the motion to one for summary judgment.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

---

[3] According to Eads' declaration, SENTRY is "a computer database that contains inmates' personal data, administrative remedy history, sentence computation, disciplinary history, housing assignments, and other pertinent information."  (ECF No. 7-1 at PageID 16.)

## ANALYSIS

Rivas was serving his thirty-three-month custodial sentence when he filed his § 2241 Petition. (*See* ECF No. 2 at PageID 2.)  He was released from BOP custody on May 20, 2025.

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. Const., art. III, § 2).  A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011).

 "An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7.  Once the prisoner's sentence has expired, however, he must make an affirmative showing that he is suffering some concrete "collateral consequence" because of his completed sentence, or his claim is properly dismissed as moot.  *Id.*

The § 2241 Petition is moot because Rivas has completed his custodial sentence and has been released from BOP custody. Any argument that the BOP erred in its application of earned time credits under the FSA has been rendered moot by Rivas' completion of his custodial sentence.  *See Demis*, 558 F.3d at 512 (stating that a case becomes moot "and falls outside [a

4

court's] jurisdiction" when "events occur during the pendency of a litigation which render the court unable to grant the requested relief").

Rivas does not attack his underlying criminal conviction, and the only relief sought in his § 2241 Petition is that he "be restored to the status quo ante prior to the unlawful revocation." (ECF No. 2 at PageID 4.)  Because Rivas has completed his custodial sentence, the Court is "unable to grant the requested relief."  *See Demis*, 558 F.3d at 512.  Warden Harrison's Motion to Dismiss (ECF No. 7) is **GRANTED**.  The § 2241 Petition is **DISMISSED** as moot.  Judgment shall be entered dismissing the § 2241 Petition.

## APPELLATE ISSUES

Federal prisoners who file petitions under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).  *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917.  To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a)(4)-(5).

5

For the reasons explained in the section above, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Rivas leave to appeal *in forma pauperis*.[4]

**IT IS SO ORDERED,** this 28th day of January, 2026.

> s/ Sheryl H. Lipman
> SHERYL H. LIPMAN
> CHIEF UNITED STATES DISTRICT JUDGE

---

[4] If Rivas files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty days.